FILED
2006 Apr-28 PM 02:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ELEANOR M. TYSON, | } |
| Appellant, | } |
| vs. | } CASE NO. CV 05-B-2175-S |
| ARTHUR WAYNE ELLIS, | } |
| Appellee. | } |

## MEMORANDUM OPINION

This case is before the court on appeal from a decision of the United States Bankruptcy Court for the Northern District of Alabama. The bankruptcy court held that a debt owed by debtor and appellee Arthur Wayne Ellis to creditor and appellant Eleanor M. Tyson was dischargeable. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the decision of the bankruptcy court is due to be affirmed.

## I. STANDARD OF REVIEW

A bankruptcy court's findings of fact shall not be set aside unless they are clearly erroneous. Fed. R. Bankr. P. 8013; *In re Old Naples Sec., Inc.*, 223 F.3d 1296, 1302 (11th Cir. 2000). However, conclusions of law made by the bankruptcy court are subject to de novo review. *In re Brown*, 303 F.3d 1261, 1265 (11th Cir. 2002). This court's test when reviewing a decision from the bankruptcy court under the clearly erroneous standard "is 'not whether a different conclusion from the evidence would be appropriate, but whether there

is sufficient evidence in the record to prevent clear error in the trial judge's findings.'" *Olympia & York Fla. Equity Corp. v. Bank of N.Y. (In re Holywell Corp.)*, 913 F.2d 873, 879 (11th Cir. 1990) (quoting *Highland Village. Bank v. Bardwell (In re Bardwell)*, 610 F.2d 228, 230 (5th Cir. 1980)). "A finding of fact is clearly erroneous if the record lacks substantial evidence to support it, so that our review of the entire evidence leaves us with the definite and firm conviction that a mistake has been committed." *Creel v. Commissioner*, 419 F.3d 1135, 1139 (11th Cir. 2005)(quoting *Atlanta Athletic Club v. Commissioner*, 980 F.2d 1409, 1411-12 (11th Cir. 1993)).

Appellant Tyson has the burden of showing that the bankruptcy court's factual findings are clearly erroneous. *United States v. May*, 211 B.R. 991, 993 (M.D. Fla. 1997); *see also* Fed. R. Bankr. P. 8013.

## II. FACTUAL SUMMARY[1]

Tyson and Ellis, who had known each other since the 1970s or early 1980s, began a new romantic relationship in 2003, and, thereafter, Ellis moved in with Tyson. Ellis was married at this time. They lived together until their relationship ended seven months later.

After the relationship ended, Tyson sued Ellis to collect $9,815.59, representing the amount of money loaned to Ellis or paid on his behalf. Following a bench trial, a judgment for $9.011.41 was entered in Tyson's favor on June 29, 2004.

---

[1] The Factual Summary is taken from the Memorandum Opinion and Order of the bankruptcy court. Tyson has not filed the transcript of the trial.

Ellis filed a no-asset Chapter 7 bankruptcy case on August 6, 2004 and listed Tyson as an unsecured, nonpriority creditor with a claim of $9,012. Tyson filed an adversary proceeding, which alleged that the debt was nondischargeable pursuant to 11 U.S.C. § 523(a)(2), and which objected to discharge of the debt, pursuant to 11 U.S.C. §§727(a)(2)(A) and (B), (a)(3), (a)(4)(A) and (D), (a)(5).

The bankruptcy court found insufficient evidence to support a denial of discharged under §§ 727(a)(4) and (a)(5).[2] The court determined that Tyson had not shown that Ellis

---

[2]Section 727(a)(2)-(5) states:

(a) The court shall grant the debtor a discharge, unless –

. . .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(continued...)

3

concealed or otherwise disposed of his assets, and, therefore, she had failed to prove the debt was nondischargeable under § 727(a)(2). The court determined that Tyson had not shown that Ellis destroyed or failed to adequately maintain his financial record, and, therefore, she had failed to prove the debt was nondischargeable under § 727(a)(3).

The bankruptcy court found Tyson did not show that Ellis had made a false representation with the intent to deceive Tyson. Therefore it found that Tyson had failed to show the debt was nondischargeable under § 523(a)(2)(A).[3] It also found Tyson had failed

---

[2](...continued)
>> (4) the debtor knowingly and fraudulently, in or in connection with the case –
>> 
>>> (A) made a false oath or account;
>>> 
>>> (B) presented or used a false claim;
>>> 
>>> (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
>>> 
>>> (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;
>> 
>> (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities . . . .

11 U.S.C. § 727 (a)(2)-(5).

[3]Section 523(a)(2) states:

(continued...)

4

to prove the debt was nondischargeable under § 523(a)(2)(B) because the promissory note signed by Ellis was not a materially false written statement.

Based on its factual findings, as applied to the law, the bankruptcy court found that Ellis's debt to Tyson was dischargeable. Tyson appealed.

### III. DISCUSSION

Appellant Tyson has the burden of "establish[ing] by a preponderance of the evidence that [her] claim [was] not dischargeable." *Grogan v. Garner*, 498 U.S. 279, 287 (1991).

---

[3](...continued)
    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –

. . .

    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

    (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

    (B) use of a statement in writing –

    (i) that is materially false;
    (ii) respecting the debtor's or an insider's financial condition;
    (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
    (iv) that the debtor caused to be made or published with intent to deceive . . . .

11 U.S.C. § 523 (a)(2)(A)-(B).

"Exceptions to the general rule of discharge . . . are to be strictly construed in favor of the debtor." *In re Fretz*, 244 F.3d 1323, 1327 (11th Cir. 2001). And, as set forth above, this court reviews the factual findings of the bankruptcy court with deference. *Matter of Hammons*, 614 F.2d 399, 402 -403 (5th Cir. 1980)("The bankruptcy judge is the trier of fact who sees and hears the witnesses, makes credibility determinations, and resolves conflicts in the proof. The district court, however, must independently determine the correctness of the ultimate legal conclusion adopted by the bankruptcy judge on the basis of the facts found.").[4]

Tyson did not file the transcript of the bankruptcy proceedings with this court. Therefore, the transcript has not been reviewed. However, based on review of this court's record, as well as the submissions of the parties, the court finds that Tyson has not demonstrated that the bankruptcy court's determination that the debt was dischargeable was based on findings of fact that Tyson has shown to be clearly erroneous. The court finds the bankruptcy court's application of the law to these facts was correct. Therefore, the court finds that decision of the bankruptcy court is due to be affirmed.

---

[4] Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

## IV. CONCLUSION

For the foregoing reasons, the court finds that the decision of the bankruptcy court is due to be affirmed. An Order in accordance with this Memorandum Opinion will be entered contemporaneously with this Opinion.

**DONE**, this 28th day of April, 2006.

/s/ Sharon Lovelace Blackburn
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

7